1
2
3
4
5
6
7

Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile:  (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff
Gianni Marquez

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18
19
20

GIANNI MARQUEZ, an individual,

    Plaintiff,

    v.

THE HERTZ CORPORATION, and
DOES 1 through 50, inclusive,

    Defendants.

**Case No.:**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1. Disability/Medical Condition; Discrimination in Violation of FEHA;
2. Failure to Prevent Discrimination, in Violation of FEHA;
3. Failure to Accommodate;
4. Failure to Engage in the Good Faith in the Interactive Accommodation Process; and
5. Wrongful Termination in Violation of Public Policy.
6.  Wrongful Termination in Violation of Labor Code Section 1102.5

**DEMAND FOR JURY TRIAL**

21
22

    Plaintiff Gianni Marquez (hereafter "PLAINTIFF" or "MARQUEZ") complains as follows:

23

**THE PARTIES**

24
25

    1.     PLAINTIFF is an individual over the age of 18 and is a resident of the State of California.

26
27
28

*Marquez v. The Hertz Corporation*
**COMPLAINT FOR DAMAGES**

**1**

2.      Defendant THE HERTZ CORPORATION (hereafter "HERTZ" or "DEFENDANT") is a Delaware corporation doing business providing rental car services in various locations throughout California including an operation at San Francisco International Airport, located at 780 North McDonnell Road, San Francisco, CA94128.

3.      The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50, inclusive, are unknown to PLAINTIFF.  PLAINTIFF therefore sues such defendants by such fictitious names and will amend this complaint to insert their true names and capacities when ascertained (collectively "DEFENDANTS").  PLAINTIFF is informed and believes, and thereon alleges, that each such fictitiously named defendant is in some manner, means or degree, connected with the matters alleged and is liable to PLAINTIFF thereon.

4.      PLAINTIFF is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment.

## STATEMENT OF FACTS

5.      PLAINTIFF MARQUEZ was employed by HERTZ at its San Francisco International Airport facility from on or about December 6, 2018 until his termination on or about December 17, 2019.

6.      On or about November 19, 2018, PLAINTIFF started to work for DEFENDANT as a customer service representative.

7.      On or about October 24, 2019, PLAINTIFF was severely injured himself in an automobile accident.  PLAINTIFF notified DEFENDANT the same day of his accident that he would be unable to work for several weeks and provided medical documentation the same day to that affect.  PLAINTIFF's initial doctor's notes instructed that he was not able to work from October 24, 2019 through December 17, 2019.  During this period, PLAINTIFF dutifully called his manager everyday.

8.      PLAINTIFF attended a medical appointment on December 16, 2019.  PLAINTIFF's medical professional extended his time away from work until January 30,2020.

PLAINTIFF submitted this documentation to DEFENDANT on December 17, 2019. The same day, shortly after PLAINTIFF submitted his newest medical documentation to DEFENDANT keeping him out of work through January, DEFENDANT fired PLAINTIFF via email from his manager Michael Coker on December 17, 2019.

9.     At no time did DEFENDANT engage in the interactive process to determine an accommodation.  DEFENDANT simply fired PLAINTIFF when PLAINTIFF submitted his doctor's note to stay out of work for another month.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     PLAINTIFF has filed an administrative charge with the Department of Fair Employment and Housing (DFEH) within three years of the date of his termination.  The DFEH has issued a notice of case closure, and this action has been filed within one year of the date of issuance of the notice of case closure.

### FIRST CAUSE OF ACTION
### DISCRIMINATION BASED ON DISABILITY/MEDICAL CONDITION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940, ET SEQ.
(Against DEFENDANTS and Does 1-50)

15.     PLAINTIFF incorporates by reference the allegations set forth above as though fully restated herein.

16.     At all times herein mentioned, HERTZ was qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.  FEHA requires employers, such as HERTZ, to refrain from discrimination against, and harassment of, an employee on the basis of their actual or perceived medical condition or disabilities, among other classifications.

17.     At all times relevant herein, PLAINTIFF was employed by DEFENDANTS, and/or DOES 1–50, and each of them.

18.     At the time of his termination, PLAINTIFF had severe injuries, which substantially interfered with his ability to engage in major life activities, such as work, qualifying him as "disabled" as that term is defined in FEHA.

19.     DEFENDANT's unlawful actions include, but are not limited to: (a) failing to accommodate PLAINTIFF's medical condition; and (b) firing PLAINTIFF.

20.     DEFENDANT's conduct was extreme and outrageous and was a substantial factor in causing PLAINTIFF's injuries, which include, but are not limited to past and future loss of income, benefits, severe mental and emotional distress and damage to his reputation, and other damages, all of which amount to PLAINTIFF's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

21.     DEFENDANT's committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANT and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

<u>SECOND CAUSE OF ACTION</u>
**FAILURE TO PREVENT DISCRIMINATION, RETALITION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940 et seq.**
(Against the DEFENDANTS and Does 1-50)

22.     PLAINTIFF incorporate by reference the allegations set forth above as though fully restated herein.

23.     FEHA, California Government Code § 12940(k), and other applicable provisions, make it an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

*Marquez v. The Hertz Corporation*                                    **4**
**COMPLAINT FOR DAMAGES**

24.     At all times herein mentioned, HERTZ qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

25.     At all times relevant herein, PLAINTIFF was employed by DEFENDANTS and/or DOES 1-50, and each of them.

26.     At all times mentioned herein, DEFENDANTS were prohibited by California Government Code §12940, et seq., among other California statutes, from failing to take all reasonable steps necessary to prevent discrimination, retaliation, from occurring.

27.     DEFENDANTS subjected PLAINTIFF to discrimination and/or ratified discriminatory conduct towards PLAINTIFF and retaliated against him for opposing practices prohibited by FEHA.  PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS failed to act and/or to take all reasonable steps necessary to prevent discrimination from occurring.

28.     On information and belief, the DEFENDANT failed to maintain and implement and/or enforce adequate policies and procedures, failed to provide adequate training of personnel, and failed to take other reasonable steps necessary to prevent the violations of the FEHA alleged herein from occurring.  Had DEFENDANT implemented adequate training, and had proper policies in place for managing PLAINTIFF's request for time off from work, for processing complaints for discrimination, and regarding discrimination in the workplace against persons with actual or perceived disabilities, PLAINTIFF would not have suffered the harms, including loss of his job, alleged herein.

29.     DEFENDANT's conduct was extreme and outrageous and was a substantial factor in causing PLAINTIFF's injuries, which include, but are not limited to loss of income and benefits, and severe mental and emotional distress, and discomfort, all of which amount to PLAINTIFF's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

30.     DEFENDANT's committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and

1  evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an

2  award of exemplary and punitive damages is justified.  Further, the actions directed at

3  PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and

4  intentional manner in order to injure and damage PLAINTIFF.  PLAINTIFF is therefore entitled

5  to recover and herein prays for punitive damages in an amount sufficient to punish and deter

6  DEFENDANT and others for such conduct.

7  WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set

   forth below.

8                                    **THIRD CAUSE OF ACTION**

9       **FAILURE TO ACCOMMODATE IN VIOLATION OF GOVERNMENT CODE**
                                         **SECTION § 12940**
10                           (Against the DEFENDANTS and Does 1-50)

11

12       33.     PLAINTIFF incorporate by reference the allegations set forth above as though

13  fully restated herein.

14       34.     At all times herein mentioned, HERTZ qualified as "employer" as defined

15  within California Fair Employment and Housing Act (California Government Code 12940, et.

    seq., or "FEHA"), in that they regularly employed five or more workers.

16
         35.     At all times herein mentioned, PLAINTIFF was an employee of HERTZ.
17
         36.     As stated supra, HERTZ knew that PLAINTIFF had medical condition or
18
    perceived disability that were required to be accommodated by law. DEFENDANT HERTZ
19
    employees tens of thousands of employees throughout the world, making an accommodation
20
    for PLAINTIFF of four additional weeks off work a reasonable accommodation.
21
         37.     DEFENDANTS failed to accommodate PLAINTIFF by terminating his
22
    employment and failed to participate in a timely discussion with PLAINTIFF to determine
23
    whether reasonable accommodation could have been made, and that failure was a substantial
24
    factor in causing PLAINTIFF harm.  PLAINTIFF's damages include but are not limited
25
    to  loss of income and benefits, severe mental and emotional distress, and discomfort, all of
26
    which amount to PLAINTIFF's damage which totals in excess of the minimum jurisdiction of
27
    this court, the precise amount to be proven at trial.
28
    *Marquez v. The Hertz Corporation*                        **6**
    **COMPLAINT FOR DAMAGES**

38.     DEFENDANT committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANT and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

### FOURTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE 12940, *et seq.*
(Against the DEFENDANTS and Does 1-50)

39.     PLAINTIFF incorporate by reference the allegations set forth above as though fully restated herein.

40.     At all times herein mentioned, HERTZ qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

41.     At all times herein mentioned, PLAINTIFF was an employee of HERTZ.

42.     As stated supra, HERTZ knew that PLAINTIFF had medical condition or perceived disability that were required to be accommodated by law.

43.     HERTZ failed to participate in a timely good-faith interactive process with PLAINTIFF to determine whether reasonable accommodation(s) could be made, and that failure was a substantial factor in causing PLAINTIFF harm.  PLAINTIFF's damages include but are not limited to loss of income and benefits, severe mental and emotional distress, and discomfort, all of which amount to PLAINTIFF's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

44.     DEFENDANTS, and each of them, were required under California Government Code §12940, et seq., among other California statutes, to engage in an interactive dialogue with all qualified, disabled employees, designed to find ways to reasonably accommodate said employees' disabilities in the workplace (the "interactive process").

45.     DEFENDANT committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, in conscious disregard for PLAINTIFF's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter DEFENDANT and others for such conduct.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

### FIFTH CAUSE OF ACTION
### WRONGFUL TERMINATON IN VIOLATION OF PUBLIC POLICY
(Against the DEFENDANTS and Does 1-50)

46.     PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

47.     It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment when the employee has a physical handicap or suffers from a disability.

48.     PLAINTIFF and his doctor informed DEFENDANTS that PLAINTIFF could return to work with modified duty.  PLAINTIFF's modified duties getting help lifting the scooters. PLAINTIFF could still perform other duties without restriction, such as driving.

49.     Rather than provide PLAINTIFF with an accommodation, DEFENDANT terminated him.

50.     As a proximate result of DEFENDANT's unlawful actions, PLAINTIFF suffered general and emotional distress damages in an amount according to proof.

51.     As a further proximate result of the aforementioned violations, PLAINTIFF suffered harm and is entitled to recovery of unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

52.     Because DEFENDANT's treatment of PLAINTIFF was carried out with malice and oppression in willful and conscious disregard of his rights, PLAINTIFF is entitled to exemplary damages to punish DEFENDANT pursuant to California Civil Code section 3294. Wherefore, PLAINTIFF prays for relief as requested below.

WHEREFORE, PLAINTIFF prays for judgment, including punitive damages, as more fully set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF makes the following demand:

(a)     That process be issued and served as provided by law, requiring DEFENDANTS, and each of them, to appear and answer or face judgment;

(b)     For general, special, actual, compensatory and/or nominal damages, as against DEFENDANTS, and each of them, in an amount to be determined at trial;

(c)     For back pay and other benefits PLAINTIFF would have been afforded but-for DEFENDANTS', and each of their, unlawful conduct;

(d)     For declaratory relief, as against DEFENDANTS, and each of them, in an amount to be determined at trial;

(e)     For costs and expenses of this litigation;

(f)     For reasonable attorneys' fees where appropriate;

(g)     For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

(h)     For all such other relief as this Court deems just and appropriate.

///

///

Dated:  March 22, 2022          Law Offices of Daniel Feder

/s/ Daniel L. Feder
_____

DANIEL FEDER
Attorneys for Plaintiff

GIANNI MARQUEZ

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: March 22, 2022           Law Offices of Daniel Feder

/s Daniel L. Feder
_____

DANIEL FEDER
Attorneys for Plaintiff
GIANNI MARQUEZ